# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LEE ANDRE MILLER, Special  
Administrator of the Estate of  
Annie Bell Miller                                                              PLAINTIFF

v.                                    No. 3:16-cv-255-DPM

BROADWAY HEALTH AND REHAB LLC;  
BROADWAY HEALTH HOLDINGS LLC;  
ARKANSAS SNF OPERATIONS ACQUISITION  
III LLC; ARKANSAS NURSING HOME  
ACQUISITION LLC; CSCV HOLDINGS II LLC;  
CAPITAL FUNDING GROUP, INC.; ADDIT LLC;  
SLC PROFESSIONALS LLC; and COMPASS  
POINTE HEALTHCARE SYSTEM LLC                       DEFENDANTS

## ORDER

**1.** Annie Bell Miller's estate has sued Broadway Health and Rehab, a nursing home, as well as many related business entities, for injuries allegedly suffered while she was at the facility. The estate claims that those injuries caused her death. It alleges medical malpractice, violations of the Long-Term Care Facility Residents' Rights Act, negligence, and wrongful death. It also requests punitive damages. Broadway and its non-facility owners deny liability. They've moved for partial judgment on the pleadings and for partial summary judgment on several issues. The press of other matters requires the Court to rule by summary order.

**2.** The Court adopts the reasoning and most of the holding in *Tuohey v. Chenal Healthcare LLC*, 2017 WL 2177981, at *2 (E.D. Ark. 17 May 2017). The Residents' Rights Act makes all treatment-related and care-related claims for medical injury matters of medical malpractice. ARK. CODE ANN. § 20-10-1209(a)(1). That's the estate's core claim. The Rights Act leaves room for garden-variety negligence claims that don't involve medical care. So does the Malpractice Act. *Tuohey*, 2017 WL 2177981, at *2. Defendants' "completely subsumes" argument therefore goes too far. A violation of the Rights Act unrelated to medical injury would be evidence of ordinary negligence. ARK. CODE ANN. § 20-10-1209(d)(2); *Tuohey*, 2017 WL 2177981, at *2. The estate's pleaded and argued negligence claim, though, is solely about staffing and funding this nursing home — core issues about the medical care that Broadway Health and Rehab provided to Mrs. Miller. № 2 *at 7–8*; № 33 *at 1*. It's thus a matter of medical malpractice. This case is unlike *Tuohey* in this respect. Next, the estate's claim for wrongful death goes forward. It, too, is channeled through malpractice; but there's no dispute that the statutory damages are available if the estate's proof satisfies the statutory criteria. ARK. CODE ANN. § 16-62-102.

**3.** The estate's claim for punitive damages fails as a matter of law. Defendants' motion is a call — there's no clear and convincing evidence, they say, of malice or from which malice may be inferred. *In re Aircraft Accident at Little Rock, Arkansas on June 1, 1999,*

351 F.3d 874, 876–77 (8th Cir. 2003); *Bedford v. Doe*, 2018 WL 547455, at *3 (8th Cir. 2018). The estate hasn't offered any depositions, affidavits, or sworn discovery responses that would create a factual dispute on punitive damages. FED. R. CIV. P. 56(c). "[M]ere denials or allegations," as the estate presents in its response, are insufficient without specific facts. *Bedford*, 2018 WL 547455, at *2.

**4.** The non-facility defendants are entitled to summary judgment. First, the estate hasn't shown that any of these entities had a duty to Miller. This is a question of law for the Court. *Marlar v. Daniel*, 368 Ark. 505, 508, 247 S.W.3d 473, 476 (2007). There's simply an insufficient evidentiary record of direct involvement in Mrs. Miller's care to hold the non-facility defendants responsible. Second, the estate hasn't offered proof of illegality or sham that would support piercing their corporate veils on an alter-ego theory. *K.C. Properties of N.W. Arkansas, Inc. v. Lowell Investment Partners LLC*, 373 Ark. 14, 32–33, 280 S.W.3d 1, 15–16 (2008). Third, joint venture. The entities' common purpose in running the Broadway Health and Rehab nursing home is manifest. *Yant v. Woods*, 353 Ark. 786, 789–90, 120 S.W.3d 574, 576–77 (2003). The parties focus on the second essential element—an equal right of control. Here, the estate argues facts that it believes create genuine issues for the jury about the non-facility entities' sway in running the nursing home. But the estate has given the Court no evidence of these facts. Again, no depositions, affidavits, sworn

-3-

declarations, or other admissible evidentiary materials are in the record. FED. R. CIV. P. 56(c). When a defendant moves and says that the plaintiff has no evidence on an essential element (here the equal right to direct and govern the licensee in caring for Mrs. Miller), a plaintiff must respond with evidence that would support a verdict from a reasonable juror. *Bedford*, 2018 WL 547455, at *2. The argued facts, if true, reveal a "web of corporate entities" jointly pursuing profits, as in *Tuohey*, 2017 WL 2177981, at *1. That common purpose, though, doesn't show an equal right to control. Therefore, even taking the facts behind the estate's arguments as true, they are insufficient to go to the jury on a joint venture theory.

\* \* \*

Motion for judgment on the pleadings, № 18, partly denied and partly granted with caveats. Motion for partial summary judgment, № 22, granted on punitive damages and, on the claims issues, partly denied and partly granted with caveats. Motion for partial summary judgment by the non-facility defendants, № 25, granted. The case will proceed to trial, first-out on 5 March 2018.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 February 2018