IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LEE ANDRE MILLER, Special
Administrator of the Estate of
Annie Bell Miller                                                                PLAINTIFF

v.                              No. 3:16-cv-255-DPM

BROADWAY HEALTH
AND REHAB LLC                                                                 DEFENDANT

ORDER

1. **Dr. Klein.** Broadway's motion to strike, № 38, is partly granted and partly denied. The date of Dr. Klein's deposition was agreed; and his opinions were summarized in the timely one-page disclosure. № 38-1. But the 55-page handwritten statement, first disclosed at the deposition, was untimely. FED. R. CIV. P. 26(a)(2)(D). It should have been made available earlier. Dr. Klein's testimony will therefore be limited to the opinions in the first disclosure. FED. R. CIV. P. 37(c).

2. **Bifurcation.** Broadway's motion, № 39, is denied as moot. Punitive damages are no longer at issue. № 60.

3. **Financial information.** Broadway's motion, № 41, is granted. Punitive damages and joint venture are no longer issues in this case. № 60. The entities' finances and financial relationships are irrelevant to the remaining issues.

4. **Prior acts and lawsuits.** Broadway's motion, № 43, is granted with a caveat. The potential for unfair prejudice here is great. *Porous Media Corp. v. Pall Corp.*, 173 F.3d 1109, 1117 (8th Cir. 1999). Therefore, the estate shall not introduce evidence of other acts or other lawsuits. But, if the estate demonstrates substantial similarity to the Court outside the jury's presence, the Court will reconsider under Rule 403. *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311, 1315-16 (8th Cir. 1987). The estate must give Broadway, and the Court, notice of any such proposed evidence by 28 February 2018.

5. **Expert testimony by defendants.** Broadway's motion, № 45, is granted. Medical providers cannot be compelled to give expert opinion against themselves. ARK. CODE ANN. § 16-114-207(3); *Bedell v. Williams*, 2012 Ark. 75, 16-17, 386 S.W.3d 493, 504-05 (2012). Expert testimony by Broadway's caregivers is out, unless the door is opened. *Csiszer v. Wren*, 614 F.3d 866, 873-74 (8th Cir. 2010). Testimony about the facts is in.

6. **Omnibus motion.** Broadway's omnibus motion seeks relief on fifteen embedded and various topics. № 47. Miller's estate opposes the motion generally, though there are some areas of agreement. № 58 & № 59. For the following reasons, Broadway's omnibus motion is (as specified) partly granted and partly denied.

a. **No adverse effect.** *Granted.* Neither party shall argue or imply any adverse effect, or lack thereof, on the nursing home.

b. **Regulations.** *Partly granted and partly denied without prejudice.* The Court will follow *Bedell*, 386 S.W.3d at 499, as to 42 C.F.R. §§ 483.1 *et seq.* But the Court reserves a ruling about other regulations and statutes until it has heard the proof and focused argument on specific state or federal law, the violation of which may be evidence of medical malpractice in Miller's care.

c. **Residents' Rights Act.** *Granted.* The parties agree. № 59 *at 1*. Miller's estate should cite only the sections that are relevant to this case.

d. **"Governing body."** *Granted.* The estate shall not refer to a "governing body." *Bedell*, 386 S.W.3d at 499.

e. **Abuse of Adults Act.** *Granted.* The Act doesn't apply to civil actions. ARK. CODE ANN. § 16-118-107(d).

f. **"Dignified."** *Denied.* The word is not complex. The Court will give a limiting instruction, if necessary.

g. **Organized as LLCs.** *Denied.* The other entities are no longer in this case.

h. **Dismissed defendants and claims.** *Granted.* Miller's estate must not make arguments about the dismissed entities and claims.

i. **Medical opinions not sufficiently probable.** *Granted.* Medical opinions must be to a reasonable degree of certainty.

j. **Medical opinions by lay witnesses.** *Granted.* Non-experts are limited to lay testimony.

k. **Vouching for witness.** *Granted.* Attempts to vouch for a witness's credibility are improper. *United States v. McClellon*, 578 F.3d 846, 859 (8th Cir. 2009).

l. **"Send a message."** *Partly granted and partly denied.* Asking the jury to act as the conscience of the community is permissible. *United States v. Lewis*, 547 F.2d 1030, 1037 (8th Cir. 1976). But inflammatory comments seeking a verdict based on passion or prejudice go too far. *United States v. Johnson*, 968 F.2d 768, 770 (8th Cir. 1992). Follow this line, please.

m. **Excluded evidence.** *Granted.* No party shall refer to proof that they don't have or that has been excluded.

n. **"Speaking" objections.** *Granted.* A word or phrase will be sufficient.

o. **Golden Rule.** *Granted.* Counsel must avoid arguments that ask the jury to "depart from neutrality and to decide the case on the basis of personal interest and bias." *Lovett ex rel. Lovett v. Union Pacific R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000).

\* \* \*

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

21 February 2018